IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JERAMY KENNEDY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:09cv26 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Jeramy Kennedy, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kennedy pleaded guilty to and was convicted of murder, receiving a sentence of 50 years in prison. In his federal habeas corpus petition, he asserted that his confession was coerced, a "perjured police report" was used to secure an indictment, he received ineffective assistance of counsel, his guilty plea was induced by a breach of promise, the police and prosecutor engaged in misconduct, and Kennedy is actually innocent. The Magistrate Judge ordered the Respondent to answer, and the Respondent asserted that Kennedy's claim that counsel was ineffective for failing to interview witnesses and that he is actually innocent of the offense have been procedurally defaulted, and that all of the claims lacked merit. Kennedy filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on September 2, 2009, recommending that the petition be dismissed. After obtaining an extension of time, Kennedy filed objections to the Report on October 26, 2009.

1

In his objections, Kennedy says first that he submitted evidence to prove that he was under the influence of drugs and so any statements given by him are inadmissible. He says that regardless of whether or not he pleaded guilty, it was the confession given under the influence of drugs which caused him do so. As the Magistrate Judge stated, however, the entry of the guilty plea waives the challenge to the validity of the confession given to the police. This objection is without merit.

Second, Kennedy complains at length that his attorneys failed to conduct a proper investigation, and that he relied on the advice of his attorneys who were ineffective. He says that had they conducted a proper investigation, he would not have pleaded guilty, but would have insisted on going to trial. The claim of lack of "proper" investigation is also waived by the entry of the guilty plea. Kennedy signed a plea agreement saying that he was pleading guilty knowingly and voluntarily, that he committed each and every element alleged in the complaint and indictment, and that he was guilty as charged. As the Magistrate Judge said, these assertions by Kennedy carry a strong presumption of verity, and Kennedy has offered nothing to rebut them, nor has he presented anything beyond a mere assertion that he would have demanded a trial had counsel performed differently, which is insufficient to carry the burden which Kennedy must meet. This objection is without merit.

Third, Kennedy says that the Magistrate Judge "attempts to mislead the Court" by omitting a portion of the statement of Aaron Whitehead, in which Whitehead states that she heard the deceased threaten Kennedy. He says that had he known of all of the statements prior to pleading guilty, he could have made a more informed decision.

In fact, the Magistrate Judge specifically noted in Whitehead's statement that the deceased, Jarod Evans, had said that he was "fixing to whip his ass," referring to Kennedy. The Magistrate Judge observed that the statements, as well as an email message between Kennedy's attorneys and the investigator whom they had hired, showed that far from failing to investigate, Kennedy's attorneys went to considerable lengths to have witnesses interviewed and gain a

2

command of the facts. Kennedy's contention that the attorneys were ineffective because they did not personally interview the witnesses, but had their investigator do it, is specious. Nothing in these statements lends credence to Kennedy's claim that had he known of them, he would not have pleaded guilty, but would have insisted on going to trial. His objection on this point is without merit.

Finally, Kennedy says that the prosecutor "did everything in his power to control and manipulate the proceedings" by forcing him to give a "tailored rendition" of the events which took place, and the prosecutor also used "unfair tactics" to obtain his plea of guilty. He says that the Magistrate Judge attempts to rely on the plea of guilty and to hide the "unconstitutional tactics" used to obtain a conviction in the case.

Kennedy's claim in this regard is based on the questioning which he received from the police, as well as a police report which says that he confessed when in fact he did not. The Magistrate Judge correctly cited Fifth Circuit authority as saying that the entry of the guilty plea waives all non-jurisdictional defects, including a challenge to the voluntariness of a confession. Rogers v. Maggio, 714 F.2d 35, 38 (5th Cir. 1983).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original habeas corpus petition, the later pleadings and exhibits filed by Kennedy, the answer filed by the Respondent, Kennedy's response thereto, the state court records, the Report of the Magistrate Judge, and Kennedy's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jeramy Kennedy is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 1st day of December, 2009.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE